This case on Dr. 2-19-0626, Michael Drab, is to be judged based on the death of a class and other similar situations in the U.S. Michael Drab. Dr. 2-19-0626, Michael Drab, is to be judged based on the death of a class and other similar situations in the U.S. A de novo review of the facts and evidence in this case supports a reversal of the trial court's decision to grant summary judgment for two reasons. One, defendant's motion was a celotex and not a traditional motion for summary judgment. Why do you say that? Well, and Justice Shostak, I'm glad that we get to address this matter first because it is a threshold matter. It is. If this Court decides that it was a celotex motion, then a reversal is absolutely required. In coming to that conclusion, I really looked at this Court's guidance from the Giotis case. And Justice Shostak, I understand that you were on that panel as well, and so I won't go into the specific details of the Park District's motion in that situation. But essentially, this Court gave practitioners a lot of guidance about what really is a celotex motion versus traditional, noting that a celotex motion is predicated on the plaintiff's inability to prove his or her case due to insufficient evidence, whereas a traditional motion for summary judgment is a situation in which the movement affirmatively disproves an element of a plaintiff's case or otherwise presents an affirmative matter, objectively defeating and removing all questions of the material fact. But in the Giotis case, the Giotis case, there was a hayride operator who didn't have a name. Nobody had his name at that point. What is it that you don't have here that would prohibit you from going forward? Well, at this point, we don't even know what we don't have because we weren't even allowed to do written discovery. At this point, we were the plaintiff in this case was required to respond to a summary judgment motion when faced with merely the answer and then a summary judgment motion that was filed less than a week later. There were no – there was no production requests that we were able to tender, and we were never given the opportunity to get interrogatories to find out additional witnesses. So as – from that standpoint, certainly additional discovery would have been merited. You were allowed – I'm sorry. Go ahead. You were allowed limited discovery under 191. Is that correct? That is correct, Judge. We were allowed to depose the two individuals who submitted affidavits essentially and denying wrongdoing, which were attached to the defendant's motion for summary judgment. But that kind of highlights my point as to why this wasn't a traditional motion. There was no affirmative matter raised, such as statute of limitations or immunity, an affirmative matter where the defendant – Would it have been a 2619 motion if there were affirmative – It certainly could have been, and I know that in many situations, even an affirmative matter that's raised as a 2619 is denied because additional discovery is still merited or still required. Hamilton, let me ask you this question. Is it your position that the filing of a Silatex-type motion prohibits the trial court from ruling on the motion until after discovery is completed? Is that your position? Not necessarily, but I believe that this Court was very clear in emphasizing the importance of permitting the non-movement for the plaintiff in this instance to have full discovery before those rulings are made. It allows for a more complete picture. Do you have any case law that says that the trial court is prohibited from doing that? No, I don't think that this Court was specific in saying that they're prohibited in Giotta, but I think that that was certainly the direction that practitioners received and that trial courts received from this Court's opinion in that case, just emphasizing the importance of overall discovery. And again, in a Silatex context, this Court further emphasized that the reasons the 191B is not required from the non-movement is simply because, again, you don't know what you don't know yet, simply because you haven't even had the opportunity to do written fact discovery. Counsel, let me get back to the 191B matter. Couldn't you have requested additional information under the 191B or additional people to depose or file additional motions if you believe more discovery was needed other than the full discovery you require or you're asking under the Silatex motion? Certainly, Judge. And the record reflects that that motion was made in the sense that the plaintiff specifically requested a filing motion to stay hearing of the defendant's motion for summary judgment until written discovery could at least be completed and then fact discovery. Under 191, the trial court was very clear in that we had to set forth with great specificity what exactly we needed based on the motion for summary judgment and that our prior motion had already been denied. So it would not revisit our prior request. And I believe we were limited to just the depositions of the two individuals who provided affidavits. But, for example, if we had been given the opportunity to issue interrogatories and have the defendant list all individuals who might have knowledge of certain practices or procedures involved in the processing of claims, I am very certain that additional discovery would have been required, additional depositions certainly. Now, you mentioned the standard review regarding the summary judgment as de novo. The standard review of the motion to stay would be abuse of discretion. Do you agree? Under normal circumstances, yes. A motion governing a discovery is reviewed for an abuse of discretion. But because this is so tightly connected to the motion for summary judgment, I believe that de novo is appropriate because it was directly tied in with the motion for summary judgment. Do you have any case law that says that? It wouldn't be abuse of discretion? It would be de novo because it's tied in closely to the summary judgment? Do you have any cases that say that? I do not have a case on point directly, Judge, but I do believe that the Giotas case speaks to that again and says that the trial court was incorrect in requiring strict compliance with 191, given that it had erred under de novo since, finding that it was a tradition rather than seal of testimony. But if we were to conclude it was an abuse of discretion, that's a pretty deferential standard, isn't it? It is. No reasonable person would agree with the trial court's ruling, correct? Certainly not. That is correct. You didn't agree with the parties didn't agree that that was an abuse of discretion with respect to the State. I thought you had agreed to that in your briefs. We did not agree that the trial court was correct in denying our motion. No, no, no. I know that. I meant that the standard of review for that portion is an abuse of discretion. I thought you had agreed that that was. No. I apologize, Justice. That is correct, and that standard would apply. But, again, it is our position that because it's so tightly tied to the summary judgment motion, de novo is appropriate in that sense. Again, and kind of further supporting why the record just demonstrates that this was a seal-of-text motion for summary judgment, and I would just refer the Justice to the record, in that the actual motion that was filed by the defendant in this case is rife with statements such as plaintiff can establish none of the elements of a claim for a violation of the Act. There is no evidence to support that the investigation was proper. Just the nature of the motion itself demonstrates that there was no affirmative matter that would eliminate or defeat plaintiff's case. Rather, it was predicated on an alleged failure to provide evidence, which just further demonstrates why this was a seal-of-text motion and not a traditional motion. More specifically, the Court's order, I think, is very instructive, and this is the record of C. 828 at the beginning of the trial court's order, where the trial court specifically says on the following page, there is no evidence to support the first and second elements for a violation of the Act. There is an absence of evidence that the conduct of the defendant violated the Act. Though the rescission may have been wrongful, there is no evidence of a deceptive Act by the defendant. So the order from the trial court is clearly predicated upon, as was defendant's motion, on this alleged lack of evidence, which is, again, why this motion for summary judgment was a seal-of-text, not a traditional motion, and why the And for that reason alone, reversal is required. Mr. Bradley would respectfully request that this Court reverse the order that denied his motion for additional discovery, remand this matter for further proceedings in discovery, and everything else that this Court would deem appropriate under that finding. Moving to my next point, Justices, regardless of whether defendant's motion was a seal-of-text or traditional motion for summary judgment, reversal is required because questions of material fact exist as to whether defendant's practices in this case could be deemed unfair, such as that they could be a violation of the Act. Did the trial court have a specific view role on that issue, whether it was unfair? They did not. And the reason that that is so critical is because the Illinois Supreme Court, as well as the First District Appellate Court and also the U.S. District Court for instance, that you don't need to have a deceptive act in order to have a violation of the Act itself. You can also have unfairness. The Act prohibits both types of conduct. And the elements that are required to be proven are different depending on what prong you're going under. Courts have been very clear in – I'm sorry, I should have provided the Illinois Supreme Court case which we cited in our brief, which was Robinson v. Toyota Motor. The Supreme Court specifically acknowledges that unfair acts are also prohibited under the Act. And then gives us a list of criteria of elements of what's required to prove unfairness. So all of the elements do not have to be proven to establish unfairness, do they? Correct. No. As a matter of fact, only one or a combination of three. The Illinois Supreme Court provides that it can be any combination or just a very strong finding in favor of one would be sufficient. Can you explain how the defendant's alleged conduct satisfied the consumer's nexus test? I'm sorry? The consumer's nexus test? How the alleged conduct satisfies that? Are you referring to what the Supreme Court said in Robinson about having to go through the – Yes.  generally under the Consumer Fraud Act? Certainly, Justice, and thank you for clarifying that for me. Again, the Illinois Supreme Court was very clear in that to be an unfair act, it has to offend public policy or be immoral, unethical, oppressive, unscrupulous, or result in a substantial injury to consumers. So, again, it doesn't have to be all three of those things. It could just be one. And in this situation, what Mr. Bradley specifically alleged and what I think the appellate courts and the three other cases that involved this particular defendant have noted was that their conduct was directly affecting consumers and that the way and manner in which they were, quote-unquote, processing claims and ultimately deeming these policies to be void or completely unenforceable for what the Illinois First District appellate court deemed to be wholly improper reasons. I think that is substantial enough for at least to give us to written discovery and to a jury. That alone is a question of material fact that a jury should have to discover. So you're saying they were offering insurance coverage and policies that they never intended to pay. That's correct. And that's specifically what we've alleged in our complaint or what we had alleged in our complaint. Furthermore, we offer to the trial court in this case evidence of the appellate court's findings in Direct Auto v. Sinclair, Direct Auto v. Cozio, and the Beltran case, where the First District appellate court was extremely critical of this defendant's practices in finding ways to seemingly invalidate policies and deny coverage to people who thought that they had paid for it, who had paid for it, who thought that they were covered. And then finding ways to... Is Beltran out of the First Appellate District? You know, Justice, I have to double check now. It could have been not the First District. I know that the Direct Auto v. Sinclair and Direct Auto v. Cozio were, but I can check my notes. But essentially what the courts found was that, and even what the trial court noted in its order, is that the defendant's conduct could be improper. That finding alone, I believe, creates a question to the effect that this should have gone at least to discovery and really to a jury to determine, based on all of the facts and evidence, as to whether the defendant's conduct in this case did offend public policy, was immoral or unethical or oppressive or unscrupulous. Because the defendant in this case, and we presented evidence of this, they would market these policies, they would get people to sign up for these policies, and then once a claim was made against that policy, they would essentially hire investigators, not for the purposes of finding out what really happened in the claim, but for purposes of finding a way to invalidate that claim. Then these investigators would go along and say, oh, but there's, you know, in this case specifically, Mr. Bradley's policy was deemed to be void and unenforceable because he failed to list his landlord's car on his application. And the defendant in this case called that a material misrepresentation on his auto application for insurance. And in Beltran, the appellate court specifically said an increase in premium does not mean that it's a material misrepresentation. And that case came out, and yet this defendant continued to make that argument of, well, we would have increased the premium if we had known that your landlord's car would be parked at the same residence. And this is something else that the defendant has engaged in by rescinding policies based on a failure to list all residents that could be in the house, saying that was a material misrepresentation, or rescinding a policy based on a failure to disclose a parent's vehicle at the house. And the appellate court has also said that's totally improper. You can't do that. So at a minimum, we've presented evidence to this trial court saying that there's enough here to get to a jury. It's a question of material fact as to whether that type of conduct is unfair as set forth by the factors presented to us by the Illinois Supreme Court. Am I reading the defendant's brief correctly wherein he says that it seems to me, and I'll ask him this too, but you tell me if you're reading it this way, that he concedes that he improperly rescinded the policy but arguing that COSOL was issued after this rescission. That's correct. And from our perspective and from the case law perspective, whether or not they were aware that another appellate court was critical of their practices has absolutely no bearing on whether or not their conduct itself was unfair. That argument was more going to whether or not they knew that they were engaging in a deceptive practice, which I know that I'm out of time, but I would certainly argue that we've submitted evidence as well that a question of fact exists as to whether or not the conduct was deceptive as well. Okay. Thank you so much for your time, Ms. Hamilton. Thank you. You'll have an opportunity for rebuttal. Thank you. Mr. Eckford. I'm going to ask you to start kind of in the middle. I'm not going to have you start with whether this was a philotype type discovery. I want to talk to you about Valtran. How do you distinguish Valtran and KZO to this case? I mean, it seems like KZO is right on point. KZO and Valtran have nothing to do with this case, Your Honor. Why? First and foremost, neither one of them are a consumer fraud case. All they're alleging is a breach of contract. All the plaintiff is alleged here is a breach of contract. That doesn't get it done for consumer fraud. If they were to allege breach of contract, they may have something to talk about. This isn't a case about the propriety and the rescission. This is a case about whether what we did was unfair, unscrupulous, unethical, or deceptive. Well, while we're talking about that, counsel, let me interject this question. The case law makes it clear that a plaintiff may allege that conduct is unfair under the Consumer Fraud Act without alleging that the conduct is deceptive, and recovery may be had for unfair as well as deceptive conduct. It comes from Robinson itself, does it not? Yes, sir. Okay. So one of the things I'm wondering about, the opponent has represented that the trial court never ruled on the issue of unfairness under the case law. Is that true? No, it's not, Your Honor. What the court said was, is in this case what they have alleged is – let me back up for a moment. It's important to keep in mind what they're actually alleging. This is not a marketing claim. This is not that we've sold people a bill of goods and then we've pulled the rug out from under them. That's not their claim. We say that expressly in their briefs below, in the trial court and in their opening brief in this Court. This is a case about an improper investigation, an investigation that they alleged in their complaint didn't occur. They specifically allege in paragraph 28 of their complaint no investigation occurred. In fact, what the affirmative matter that counsel says we did not present. Counsel, let me just stop you. I hate to interrupt you, but I'm trying to get – I want to hear the answer to what Justice Hudson asked, and that is, did the trial court ever, as a matter of law, address and rule that this was not unfair under the Consumer Fraud Act? What the court said – the court did not use – if Your Honor's question is, did he use the word unfair, no, he didn't use the word unfair. That's true. But what he did say was, is there wasn't a – there was no evidence because what had been – because what this case was about, and what the court made clear to what Judge Murphy was looking at, was this was a case about whether you improperly investigated. That's their claim. They alleged the investigation hadn't occurred. We showed in detail that a thorough and complete investigation occurred. The result of that investigation was a rescission. That's not their claim. Their claim is we didn't investigate, that the investigation was improper. The investigation was done pursuant to Illinois statute, Section 154 of the Illinois Insurance Code, which allows this to be done, and according – in accord with the court's – the rulings of this – of the courts of this State that have said that post-claim underwriting is appropriate. This is not – it can't be unfair to undertake a procedure specifically allowed by the appellate courts of this State, countenanced by the Department of Insurance, codified in the Department of – the Department of Insurance statute, or the Illinois Insurance Code. That can't be unfair. And that's the – Counsel, let me interject here. Didn't the plaintiff seek rescission saying that you sought rescission of the insurance policy based upon nonmaterial misrepresentations, such as not listing a landlord's vehicle as part of the policyholder's household vehicles on their insurance application? What does that have to do with an investigation? They're alleging it was unfair because it got rescinded on a nonmaterial misrepresentation. They never alleged that anywhere? Two points, Your Honor. First, Judge Murphy found that there was a question of fact. He found it twice in two different motions as to whether the – that issue was material. It can't hardly be the case that a – the material misrepresentation – there's a question as to whether it was material or not, and then say that it's unfair or otherwise a violation of the consumer fraud law. Well, either way, doesn't it – why doesn't that raise a question of fact? Because that's not what they argued in their briefs, Your Honor. What they argued in their briefs, Your Honor, and I can tell you – Well, we're talking about – you're conflating this. We're talking about the Trial Court ruled on and didn't rule on. Let's not jump ahead to their briefs. Well, that's what I'm talking about, their briefs below. And that's – and what Judge Murphy said in his order was they backed off this claim that there was improper marketing. What he talked about was there was an improper investigation. The investigation itself, the running of Lexis reports, the getting of the police – We know all that, and I understand, and you're making sense in that argument, but what about the fundamental issue? Did they not challenge whether or not there was a material misrepresentation on this issue about the landlord's car? They made that point, Your Honor, but if that was an improper rescission, that's merely a breach of contract. That's not consumer fraud. Well, they couldn't – isn't that something you could argue before the trial court? Isn't that an issue of fact that should go before the trial? That wouldn't – the most that could be is a breach of contract. That's not consumer fraud. If you don't do what you were supposed to do under the contract, that is abide by its terms. If you merely breach, there has to be something more. And that's the point that Judge Murphy made explicit in his order. Well, I think what they're alleging is that you did an investigation, and after the investigation, you improperly terminated or rescinded the policy based upon some misrepresentation concerning having more than one car in the house. That is not at all what they alleged in their complaint, and it's not what they argued below. It's not what they argued in this court. What they have argued is that the investigation was improper. They abandoned an argument about marketing, which is what their complaint was about. And let me remind Your Honor again, in the complaint, they allege we didn't do an investigation. The affirmative matter that we offered showed that we did. We did a thorough, complete, and proper investigation specifically allowed by the regulators of my client and by the courts of this State. You're saying all of their allegations can be decided as a matter of law. Everything that they allege is a matter of law. There are no factual inquiries to be made. Is that what you're telling me? Your Honor, there are not. This is a – that's why we filed a motion for summary judgment when we did, because the most that they have alleged is a breach of contract. And that's not the case they brought. They brought a consumer fraud case. This Court can say we think the rescission was improper all day long. It doesn't amount to a consumer fraud claim. Now, I don't think the rescission was improper, but that's not the issue of the court. But that's how you resolve, in the context of this case, an allegation that something was unfair. Does unfairness get decided as a matter of law? The unfairness, Your Honor, that they have alleged is in the investigation. They haven't alleged anything remotely unfair about the investigation. In fact, they said it didn't occur. That's what's key here. They have alleged improper investigation. They say it throughout their brief that this is what this is about, an improper investigation. That's not what this – that investigation not only occurred, but it was proper. Well, that's sort of an adjunct of their original position. Yes, they did say it's an unfair investigation or an improper investigation because they're saying that there was no material misrepresentation and the investigation was not legitimate. And the investigation that they claim was not legitimate is belied by what the investigation was. They had the opportunity to issue written discovery. Contrary to what counsel said, they could have issued interrogatories under Rule 191B. They could have issued requests for production. They did none of that. They could have – to ask for other depositions, they did none of that. The only document they asked for we produced over our objection after Judge Barbee ordered us to do it. Well, set aside the issue of the investigation. Obviously, you feel very strongly and you point to factors in favor. You're side that this was a legitimate investigation. Going back, the overarching – one of the overarching issues is this issue of a material misrepresentation. You ask somebody renting a room in a house whether or not the landlord is part of his household. Most people, common sense would tell you the landlord's not a part of his household. Why is it whether or not that's a material misrepresentation a question of fact? It's a matter of law, Your Honor. It's what household means. Judge Murphy found that to be a question of fact. It's a question of fact what household means and whether that would raise the risk to my client. Yes. Which I would argue that it does because it – because when someone – when you have an extra vehicle in the household, an extra people in the household, those are all people able to make additional claims. But we should be able to determine this very quickly, then. Call my attention to where in your policy does it define number of a household. Household does not define, Your Honor. I agree. It's in the application. Is that a problem? That doesn't make it – that doesn't make it consumer fraud. It doesn't make – it may make it ambiguous. It may be that you can stew it against my client. But that doesn't make it consumer fraud. You have to focus that this is not a rescission case. They didn't file a breach of contract case. They filed a punitive class action on a – in a consumer fraud context. I – I beg the Court to keep in mind what the theory of relief is and the statute of limitations. I guess I'm getting hung up on you a bit, candidly. You've got this issue. You're telling us that your policy could have very easily interpreted what the number of a household is, but you didn't put it in your policy. Okay? So that should be a question of fact, not a question of law. But that's not the issue that Judge Murphy ruled on because that wasn't the issue they presented to him and it's not the issue they presented to this Court. That's not the – the propriety of the rescission is not – cannot – cannot be a basis to find a consumer fraud violation. Consumer fraud has to be more than a breach of contract. If someone fails to perform under a contract, that's all it is, is a breach of contract. It isn't something more. You're saying you rescinded – it was more than that. You – you rescinded the coverage. It's a – that's a contract remedy, Your Honor. It's – it's an allegation that the contract wasn't formed because there was a misrepresentation at the time that it was applied for. That's a contract remedy. What if we find that the – I'm sorry, Your Honor. I didn't hear the question. What if we find that the basis of the rescission was not proper? Then – then you have a breach – then at most you – you don't have a consumer fraud claim. You have, at most, a breach of contract claim. And I would argue you don't even have that because I believe the claim – I believe the misrepresentation. Remember, one, there was a misrepresentation, and number two, it was material. The – So what, in your opinion, would ever constitute a legitimate fraud claim? In – in the – You've not found every argument that you – that they've raised. Well, that's my job. Right. And you've recharacterized everything as a contract. Well, but that's – but that's what they've alleged, Your Honor. Their original complaint alleged allegations of improper marketing and that we targeted certain classes of people. We targeted people in certain socioeconomic groups. We did all of these things. We – we – what we – what we put forward in the affidavit of Ms. Miranda and then in her deposition is we showed that we don't market directly to the public, that we don't sell directly to the public. We sell through brokers that represent the insurance. And they never alleged anywhere that your procedures were unfair. They – The actions here were unfair. They never alleged anything. What they – in what regard, Your Honor? I want to make sure I – At all. Did they ever allege that what took place here was unfair? What they alleged was – what they – what they alleged is different from what they argued, Your Honor. What they alleged was improper marketing. What they argued and what – and what the case ended up focusing on, as recognized in Judge Murphy's order, was that this was an improper investigation. They're the ones that changed what the theory was. They didn't – they didn't even attach Ms. – if I – no, it's great. I don't even – I don't think they even attached Ms. Miranda's deposition to their response to our motion for summary judgment. The point is, is that they – they went at this as about an improper investigation. And the investigation – that's what they chose to do. We were prepared to meet – whether they wanted to talk about improper marketing or they wanted to talk about rescission or they wanted to talk about investigation on the marketing angle, we dealt with that with Ms. Miranda. On the – on the rescission issue, Judge Murphy found that that was a question of fact. It can't possibly be that when a judge – not once, but twice – on their motion to dismiss our counterclaim for declaratory relief and on our motion, our 619A9 motion that we filed before the motion for summary judgment, he found there was a question of fact as to the materiality. He found it twice. So for a judge to find that the materiality issue was a question of fact, that can't possibly be fraudulent. It can't possibly be unfair. It can't possibly be unscrupulous, unethical, or any of the other things that we've talked about today. And so then we come to the investigation. The investigation, again, they alleged we didn't do. And that investigation is set forth in great detail. It's why we took so long in our – in our brief before this Court sending out facts and – and also in front of the trial court, sending out all the investigation that had been done with regard to when it was done, that the vehicle was inspected. They said that hadn't been done. They said we hadn't talked to Mr. Bradley. In fact, we talked to him 17 times. That's all uncontradictory. Mr. Bradley doesn't allege in his affidavit that he submitted that Mr. Kroc, our investigator, lied to him, deceived him, treated him unfairly. In fact, Mr. – one of the bases for our position in this case, Your Honor, is that Mr. Bradley executed an affidavit that confirmed there was no coverage here even if the rescission was – was improper. He doesn't make sure that I – in fairness to both sides, I understand your argument. In essence, are you saying that their claim is essentially a breach of contract case dressed up as a consumer fraud case? Exactly, Judge. That's – that's what they ended up arguing, was that their – originally they pled this – this marketing theory, and then they never went anywhere with it. And that might – none of it was true. We came forward with the evidence from Ms. Miranda that set forth that the allegations weren't true, that the things that they had alleged, that was the – among the allegations in the affirmative matter, the reason why we haven't focused on it, is that they said this wasn't a marketing claim. They have – they said that in their brief, that this wasn't a marketing claim. I want to correct one thing that counsel said. As I mentioned, my time is running short. With regard to the standard review on the CELOTEX, there's two points. Number one, they say on page two of their opening brief that the standard review was an abuse of discretion on the CELOTEX matter. Even if Your Honors find that this was a CELOTEX-type motion that is not a basis to reverse Judge Murphy's order, they haven't identified a single thing that they haven't gotten. They – even today, they haven't identified any discovery they weren't allowed to issue. They haven't identified anybody they weren't allowed to depose. They were allowed – they would have been allowed to issue an interrogatory request for production. So if Your Honors disagree with Judge Murphy, I – to your point, Justice Hudson, that no – the standard is no reasonable judge could agree with Judge Murphy on that  I don't believe that – that that's – isn't met here. But even if you do, they have the opportunity to get what they – to get anything that they want, and they still haven't pointed to what they want – what they want. For all those reasons, Your Honors, we ask that you affirm the ruling of Judge Murphy. Thank you. If there's nothing else. Nothing. Thank you, counsel. Ms. Hamilton. While counsel was arguing, I had an opportunity to pull Judge Murphy's order up, and looking at Judge Murphy's order, he is indicating that there were things that you didn't argue. How do you respond to the order and the ruling of Judge Murphy? With respect to the backing up of the marketing allegation, that is correct. We originally argued that Direct Auto engaged in marketing practices to target lower-income individuals who they knew would not have the resources to hire legal counsel. And Direct Auto did claim that they had someone else essentially do that work, and that was not really the key part of our claim. So that wasn't essential for our argument. We did, however, very much argue that the practices were both deceptive and unfair. And just to point you to the – Can you explain this? As you've heard counsel indicate that this is merely a breach of contract, what distinguishes this from a breach of contract that makes it a consumer fraud, covered under consumer fraud? As a preliminary matter, I'm not aware of any case law that says that your only remedy is a breach of contract action in situations like this. I didn't hear counsel refer to any case law saying that when faced with conduct such as this, the plaintiff's only remedy is a breach of contract claim. Certainly that could be a remedy if the defendant in this case had merely denied coverage, but that's not what they did. They rescinded the policy. And not only that, the conduct that we specifically alleged in our complaint – and that's at the record on C-13. I know we go through the various conducts that the defendant engaged in. But that conduct was separate and apart from not merely just denying the policy or not paying on the policy. There was separate conduct that gave rise to the violation of the Consumer Protection Act. Can you summarize those allegations? Certainly. Essentially offering auto insurance coverage that they never intended to honor, offering illusory auto insurance coverage, having investigators improperly trumping up allegations that its insureds made misrepresentations on applications, arbitrarily rescinding policies without any factual or legal basis, failing to reimburse its insureds after wrongfully rescinding policies, falsely denying coverage knowing its policyholders could not afford to litigate the issue of coverage. Throughout our complaint, we did specifically argue that it was unfair and or deceptive. Those words are used? Yes. Okay. This is on page – I'm sorry. I have a defendant's answer here as well, so I'm looking at both. Yeah, I believe it's on the answer. This is C-463, paragraph 41. Direct auto through its agents and employees intended for plaintiff and members of the class would rely on its unfair acts or practices and purchase its auto insurance policies and paid premiums as a consequence of its practices. So we specifically did allege that that conduct was unfair. There's absolutely no reason to limit Mr. Bradley to a simple breach of contract claim in this situation when we've certainly provided evidence that the defendant in this case went above and beyond just merely denying coverage. Instead, it was hiring investigators to look for ways to invalidate the policy and or claim that a mere increase in premium was a misrepresentation when the appellate court, in fact, already found that's not the case. Isn't that what the judge did in this case, though? Did the judge find that it was not a material misrepresentation? No. The judge in this case seemed to limit it to a breach of contract. He didn't go into, it seemed, much of what you're arguing today. No. The trial court was very limited in finding that if there was no deceptive act, then therefore there could be no claim, which is not the law in Illinois, which is why I believe reversal is appropriate. But didn't the trial court believe that the rescission of the contract as being a material misrepresentation could have been a wrongful decision on your part? Wrongful decision on? On the part of the direct auto insurance. Yeah, I believe the trial court finding that it was a question of fact as to whether or not that was a material misrepresentation. I think if anything else, it just demonstrates why summary judgment was not appropriate. I think that belies the propriety of the summary judgment. Certainly. Yes. And really just going through, I know briefly counsel mentioned that there is another possible basis for invalidating the policy. We address all this in the briefs under the mend the whole doctrine. Illinois law is clear. Insurers just simply can't do that for very good reason. You can't deny or invalidate a policy. And then once litigation has started, come up with a different theory as to why that policy would not have been valid. So that's all set forth in the briefs, and I don't want to belabor the point because I believe it was properly rejected. But we would respectfully ask for a reversal in this case. Thank you. Thank you very much for your time. Folks, thank you so much for your time here today. Thank you for your arguments. They're very interesting. We appreciate the professionalism. And we will take this case under advisement, issue a decision in due course.